UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Kimjaro Presley, #299377,

        Petitioner,

vs.

Warden Willie Eagleton,

        Respondent.

Civil Action No.: 1:14-cv-03785-BHH

**Opinion and Order**

  The petitioner Kimjaro Presley, ("the petitioner" or "Presley") proceeding with the assistance of his counsel, Tara Dawn Shurling, filed this writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling and a Report and Recommendation ("Report") (ECF No. 24). Magistrate Judge Hodges recommends that the respondent's motion for summary judgment (ECF No. 18) be granted and the petitioner's petition for writ of habeas corpus be dismissed with prejudice.

## BACKGROUND

  The petitioner filed this action alleging ineffective assistance of counsel. The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation. The petitioner filed objections on September 28, 2015 (ECF No. 28), which the Court has carefully reviewed and considered.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court, and the recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). The court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

After conducting a *de novo* review of the objections, the Report, and the record, the Court agrees with the Magistrate Judge. Although the Court finds the objections thorough and well presented, it is clear that the Magistrate Judge reached the correct conclusions in her well-reasoned report. Accordingly, the Court overrules the objections for the reasons set forth below.

### Ground One

The Magistrate Judge agreed with the PCR Court that the petitioner's counsel "articulated a valid and appropriate strategy in advising the Petitioner to cooperate with

law enforcement," noting that by the time the petitioner gave his third statement, which he alleges he should have been advised against, he had "already provided police with full confessions to 20 crimes." (ECF No. 24 at 16.)   The petitioner objects to these findings, arguing that the petitioner's counsel failed to "secure any *quid pro quo*" in return for having the petitioner give the statements, gave away "the only remaining currency he had at his disposal," and left the petitioner in a position where "the State was free to argue that even a life sentence would not violate their agreement with Petitioner" despite his "extensive cooperation." (ECF No. 31 at 12.)

The Court agrees with the Magistrate Judge that the petitioner cannot demonstrate that there is a reasonable likelihood that he would have received less than the 50 years he did if he had not cooperated.  As the Magistrate Judge noted, at the point his counsel advised him to cooperate and provide the third statement, the prosecution already had more than enough evidence to secure a life sentence against him, so the fact that the prosecution agreed not to object to concurrent sentences and the petitioner received a 50-year sentence does not demonstrate that counsel's strategy was flawed.  The evidence in the record indicates that the prosecution rejected defense counsel's attempt to secure a deal, and the Court can hardly fault defense counsel for failing to secure a deal that the evidence suggests was never going to be offered.  The Court agrees with the Magistrate Judge that defense counsel articulated a valid rationale for his strategy, and the Court will not second guess it here.

Additionally, the petitioner argues that defense counsel was ineffective for allowing his client to make the third statement to the police because, in doing so, he likely waived a constitutional challenge to the second statement, which petitioner gave

3

to the police without his counsel present. However, the petitioner has not demonstrated that there was a reasonable likelihood that he would have prevailed on an argument that the second statement should be excluded. As the Magistrate Judge noted, even if the petitioner's counsel had not advised him to give the third statement and had gotten the second statement suppressed, the petitioner would still have faced charges for *seven* armed robberies. Under such circumstances, the Court cannot say that defense counsel was constitutionally ineffective for the strategy he elected to pursue or that the petitioner suffered any prejudice. The Court agrees with the Magistrate Judge's analysis, and the petitioner's objection as to Ground One is overruled.

**Ground Two**

In Ground Two, the petitioner alleges that his trial counsel was ineffective for failing to adequately advise him not to talk with the police without his counsel present, which led the petitioner to contact a detective through his girlfriend and give his second statement. The petitioner's trial counsel testified that he did warn the petitioner not to provide any more statements and was sure that he explained that the defendant needed to be able to use what he knew as leverage to secure a favorable deal. The petitioner testified that his counsel never gave him this warning. The PCR court found defense counsel's testimony credible and the petitioner's testimony not credible. The Magistrate Judge correctly noted that a federal court is not at liberty to overturn the credibility and fact determinations of the PCR court simply because it would have reached a different conclusion. Rather, "the error must be stark and clear." (ECF No.

24 at 21 (quoting *Cagle v. Branker*, 520 F.3d 320, 324 (4th Cir. 2008.)  The Magistrate Judge found no basis for setting aside the PCR court's credibility determination.

The petitioner objects and essentially argues that the Magistrate Judge erred in accepting the PCR court's credibility determinations because the record shows that the petitioner was more confident in his claim that he was not warned not to talk with the police than defense counsel was in his claim that he warned the petitioner.  Clearly this is not dispositive.  This Court is not at liberty to second guess the credibility determinations and factual findings of a PCR court that heard live testimony and had an opportunity to observe the witnesses based solely on the fact that a transcript suggests the petitioner was more adamant in his testimony. The Court agrees with the Magistrate Judge that the PCR court's findings do not represent an unreasonable determination of the facts or the credibility of the witnesses and overrules the petitioner's objection as to Ground Two.

**Ground Three**

In Ground Three, the petitioner alleges that his counsel was ineffective in failing to explain the avenues that existed for the petitioner to challenge the admissibility of his statements if he went to trial and to appeal any adverse ruling that he might have received.  Here again, the PCR Court credited testimony from the petitioner's counsel that he did advise the petitioner of these options.  The Magistrate Judge accepted this finding, and the petitioner objected on grounds similar to his objection to Ground Two.  That objection is overruled for the reasons set forth in Ground Two.  The Magistrate Judge also agreed with the PCR Court that the petitioner can show no prejudice, and the Court agrees that the petitioner has not made a credible argument that he would

5

have proceeded to trial and taken his chances against the slew of charges he faced had he only known that he would be allowed to challenge the admissibility of his statements and then appeal the adverse judgment he was likely to receive. The Court agrees with the Magistrate Judge's analysis and overrules the petitioner's objections regarding Ground Three.

**Ground Four**

With regard to Ground Four, the petitioner claims that the PCR court erred in denying his claim that his counsel was ineffective for failing to fully advise him of the function of the grand jury and failing to explain why the state wanted to amend his waiver of grand jury presentment on a count of armed robbery that was reduced to attempted armed robbery. The Magistrate Judge carefully reviewed the PCR Court's reasoning and agreed there was no prejudice on numerous grounds. The petitioner's objection is unconvincing because to find prejudice the Court would have to blindly accept an incredibly attenuated and unlikely set of alternative circumstances that the petitioner alleges would have resulted from his counsel providing an explanation of why the prosecution wanted to *reduce* one of the *numerous* charges against him. The Court agrees with the Magistrate Judge's analysis and overrules the objection.

**Ground Five**

In Ground Five, the petitioner challenges the PCR court's rejection of his argument that his counsel was ineffective in failing to explain that he faced a sentence that did not include the possibility of parole. The PCR court again found that defense counsel's testimony that he advised on this subject was more credible than the petitioner's testimony that he did not. The petitioner's objection provides a plausible

explanation for confusion on the petitioner's part, but it in no way demonstrates that the PCR court's factual or legal findings were in error or that the petitioner's counsel was constitutionally ineffective. The Court agrees with the Magistrate Judge's analysis, and the petitioner's objection regarding Ground Five is overruled.

## **CONCLUSION**

After a thorough, *de novo* review of the objection, the Report, and the record, the Court finds that the petitioner's objections are without merit. Accordingly, for the reasons stated above and by the Magistrate Judge, the Court overrules the petitioner's objections and adopts the Report and incorporates it herein. It is therefore

ORDERED that the respondent's motion for summary judgment (ECF No. 18.) is **GRANTED** and the petitioner's petition for a writ of habeas corpus is dismissed, *with prejudice*. All other outstanding motions are **MOOT.**

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required in paragraph (2).

28 U.S.C. § 2253 (c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S, 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F. 3d 676, 683 (4th Circ.2011).

In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

September 30, 2015
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.